Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| NATURE HOUSING SENIOR COMMUNITY, INC.  Recurrente  v.  MUNICIPIO AUTÓNOMO DE SAN JUAN; AUTORIDAD DE VIVIENDA DEL MUNICIPIO DE SAN JUAN; DEPARTAMENTO DE VIVIENDA MUNICIPAL  Recurrida | TA2026RA00240 | Revisión procedente del Departamento de Vivienda y Desarrollo Comunal, Autoridad de Vivienda del Municipio de San Juan  RFP-MSJHA-2025-001  Sobre: Notificación defectuosa; adjudicación arbitraria, caprichosa e ilegal de propuestas bajo programa Project-Based Vouchers (PBV) |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de junio de 2026.

El recurso de referencia se presentó en conexión con la adjudicación de una Solicitud de Propuestas ("RFP") por el Municipio Autónomo de San Juan (el "Municipio"). No obstante, luego de presentado el recurso, el Municipio canceló el RFP, por lo cual procede su desestimación, al haberse tornado académica la controversia.

I.

En septiembre de 2025, el Municipio publicó un RFP (RFP-MSJHA-2025-001) con el fin de recibir propuestas para proveer viviendas de interés social a personas de edad avanzada.

El 12 de enero de 2026, Nature Housing Senior Community, Inc. (la "Recurrente"), presentó una propuesta para el desarrollo de un proyecto de nueva construcción a ubicarse en Villa Palmeras,

Santurce (la "Propuesta").   El Municipio también recibió otra propuesta (Casa Metropolitana II).

El 14 de abril, el Municipio notificó una *Determinación* mediante la cual concluyó que la Propuesta no había sido evaluada porque no involucraba vivienda existente, lo cual era un requisito del RFP.  El Municipio le advirtió a la Recurrente que disponía de un término de veinte (20) días calendario para solicitar reconsideración.  No obstante, el RFP disponía que la solicitud de reconsideración debía instarse en un término de cinco (5) días.

El 1 de mayo, dentro de los veinte (20) días anunciados por el Municipio como disponibles para solicitar reconsideración, la Recurrente instó una *Solicitud de Reconsideración.*  Transcurrido el término para que el Municipio acogiera dicha solicitud, sin que este actuara, la Recurrente entendió que su solicitud fue rechazada de plano.

El 11 de mayo, la Recurrente interpuso el recurso de referencia; adujo que el Municipio cometió los siguientes dos (2) errores:

A. PRIMER ERROR
ERRÓ EL DEPARTAMENTO DE VIVIENDA MUNICIPAL DEL MUNICIPIO AUTÓNOMO DE SAN JUAN AL NOTIFICAR LA DETERMINACIÓN DE 8 DE ABRIL DE 2026, DEPOSITADA EN CORREO CERTIFICADO EL 14 DE ABRIL DE 2026, ADVIRTIENDO UN TÉRMINO DE VEINTE (20) DÍAS CALENDARIO PARA SOLICITAR RECONSIDERACIÓN —CONFORME A LA LPAU Y EL CÓDIGO MUNICIPAL—, CUANDO LA SECCIÓN 12 DEL PROPIO RFP-MSJHA-2025-001 DISPONE UN TÉRMINO DE CINCO (5) DÍAS LABORABLES PARA RECONSIDERACIÓN Y UN TÉRMINO JURISDICCIONAL DE DIEZ (10) DÍAS PARA REVISIÓN JUDICIAL, RINDIENDO ASÍ LA NOTIFICACIÓN DEFECTUOSA, NULA Y SIN EFECTOS JURÍDICOS PARA ACTIVAR LOS TÉRMINOS DE REVISIÓN, EN VIOLACIÓN DE LA SECCIÓN 3.14 DE LA LPAU Y DEL DEBIDO PROCESO DE LEY.

B. SEGUNDO ERROR
ERRÓ EL COMITÉ EVALUADOR DE PROPUESTAS Y LA DIRECTORA DEL DEPARTAMENTO DE VIVIENDA MUNICIPAL AL DESCALIFICAR LA PROPUESTA DEL PROYECTO ÉGIDA DIVINO NIÑO DE JESÚS Y ADJUDICARLE CERO (0) PUNTOS EN LOS CUATRO

CRITERIOS ESTABLECIDOS POR EL RFP, EN VIRTUD DE UNA INTERPRETACIÓN DEL PROPIO RFP-MSJHA-2025-001 QUE CONTRADICE EL TEXTO EXPRESO DEL PLIEGO; VIOLA LA DOCTRINA DE LOS ACTOS PROPIOS Y EL DEBIDO PROCESO DE LEY; CARECE DE CONEXIÓN RACIONAL ENTRE LOS HECHOS Y LA DECISIÓN; Y CONFIGURA UNA ACTUACIÓN ARBITRARIA, CAPRICHOSA E ILEGAL BAJO LA SECCIÓN 4.5 DE LA LPAU.

El 12 de mayo, le ordenamos al Municipio presentar su alegato en o antes del 10 de junio, de conformidad con lo establecido en la Regla 63 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 63.

El 5 de junio, el Municipio presentó una *Moción de Desestimación por Academicidad*. En síntesis, informó y acreditó la cancelación del RFP. Por lo tanto, solicitó la desestimación del recurso por academicidad. Disponemos.

II.

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group*, 204 DPR a la pág. 386. Por ello, un foro judicial tiene la responsabilidad indelegable de examinar, en primera instancia, el aspecto jurisdiccional de toda situación jurídica presentada ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

Un "caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado académico". *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005); véase, además, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).

En particular, un caso se torna en académico cuando pierde su condición de controversia viva y presente con el paso del tiempo y de eventos posteriores. *Emp. Pur. Des., Inc. v. HIETEL*, 150 DPR 924, 936 (2000). Es decir, el caso pierde su carácter adversativo, ya sea por cambios fácticos o judiciales acontecidos durante su trámite judicial, se crea una circunstancia en la que la sentencia sería una opinión consultiva. *Angueira v. JLBP*, 150 DPR 10, 19 (2000). Una vez se determina que un recurso es académico, los tribunales deben abstenerse de considerarlo en sus méritos. *San Antonio Maritime v. PR Cement Co.*, 153 DPR 374, 387 (2001) citando al Prof. Tribe en *Asoc. de Periodistas v. González*, 127 DPR 704, 719 (1991).

### III.

Concluimos que el recurso de referencia es académico, por lo cual procede su desestimación. En efecto, el Municipio acreditó que, el 5 de mayo de 2026, por la vía electrónica y mediante correo certificado con acuse de recibo, envió una *Notificación de Cancelación de la Solicitud de Propuesta Núm. RFP-MSJHA-2025-001, Section 8 Project Based Vouchers*. En síntesis, informó a todos los proponentes que, luego de evaluar la RFP y su trayectoria procesal, cancelaba la misma debido a que ello respondía a los "mejores intereses" del Municipio.

Al haberse dejado inequívocamente sin efecto la RFP objeto del recurso de referencia, carecemos de controversia alguna para resolver. Puesto de otra forma, nada de lo que podríamos disponer en este caso afectaría los derechos u obligaciones de las partes. Tampoco está presente aquí hecho alguno que pudiese justificar una excepción a la aplicación de dicha doctrina.

### IV.

Por los fundamentos antes expuestos, se desestima por académico el recurso de referencia.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones